```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X      For Online Publication Only
UNITED STATES OF AMERICA,
                                                                              **ORDER**
                    -against-                                                 13-CR-00293 (JMA)

JUSTIN GREENFIELD,                                                            **FILED**
                                                                              **CLERK**
                    Defendant.                                                7/6/2021 10:51 am
----------------------------------------------------------------------X
                                                                              **U.S. DISTRICT COURT**
                                                                              **EASTERN DISTRICT OF NEW YORK**
                                                                              **LONG ISLAND OFFICE**
```

**APPEARANCES:**

Jaquelyn M. Kasulis
   Acting United States Attorney
Burton T. Ryan, Jr.
Assistant United States Attorney
Eastern District of New York
610 Federal Plaza
Central Islip, NY 11722
   *Attorneys for the United States*

A. Craig Purcell
Glynn Mercep and Purcell, LLP
North Country Road
P.O. Box 712
Stony Brook, NY 11790
   *Attorney for Justin Greenfield*

**AZRACK, United States District Judge:**

Pending before the Court is the motion for compassionate release of defendant Justin Greenfield ("Defendant"). (ECF No. 81.) For the reasons set forth below, the Court **DENIES** Defendant's motion.

## I. BACKGROUND

### A. Guilty Plea and Sentence

On July 1, 2013, Defendant pled guilty to willful failure to collect and pay over taxes in violation of 26 U.S.C. § 7202. (ECF No. 4.) On April 14, 2014, Judge Joseph F. Bianco sentenced

Defendant to one year and one day of incarceration followed by three years of supervised release. (ECF Nos. 15, 16.) Defendant was ordered to pay restitution in the amount of $896,443. (Id.) Defendant surrendered to serve his sentence in December 2014. In 2017, Probation filed a violation of supervised release against Defendant based on his unlawful use of controlled substances. (ECF Nos. 27, 29, 30, 39, 40.) On January 29, 2018, Judge Bianco sentenced Defendant to five months of incarceration followed by an additional two years supervised release. (ECF Nos. 44, 45.) In 2019, Probation filed a second set of violations of supervised release against Defendant based on Defendant's unlawful use of a controlled substance and failure to complete substance abuse treatment. On January 14, 2020, this Court sentenced Defendant to seven months of incarceration. (ECF No. 75.) Defendant has not yet begun to serve that sentence.

### B. The Instant Motion

On April 9, 2021, Defendant, represented by counsel, moved this Court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and § 28 U.S.C. 2255[1]. (ECF No. 81.) Defendant argues that his medical condition, a blood disorder, warrants a reduction in sentence. (Id.) The government opposed his motion in a letter filed on April 29, 2021. (ECF No. 82.) Defendant filed a reply on May 18, 2021. (ECF No. 83.)

## II. LEGAL STANDARD

### A. Standard of Review

Unless an exception applies, a "court may not modify a term of imprisonment once it has been imposed." United States v. Pinto-Thomaz, No. 18-CR-579, 2020 WL 1845875, at *2 (S.D.N.Y. Apr. 13, 2020) (quoting 18 U.S.C. § 3582(c)). The First Step Act, which modified 18

---

[1] Although this is labeled as a Section 2255 motion, Defendant has not raised claims cognizable under Section 2255. Accordingly, the Court construes Defendant's motion as arising solely under Section 3582(c)(1)(A)(i).

U.S.C. § 3582(c), allows a court to modify a defendant's sentence upon a motion of either (i) the Director of the BOP, or (ii) the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i).

The statute provides courts with discretion to grant compassionate release when there are (1) "extraordinary and compelling reasons" that warrant a sentence reduction, (2) the sentence reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the sentence reduction "is supported by the factors set forth in 18 U.S.C. § 3553(a)." United States v. Canales, No. 16-CR-0212, 2020 WL 2319294, at *2 (S.D.N.Y. May 9, 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

District courts may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." United States v. Brooker, No. 19-CR-3218, 2020 WL 5739712, at *7 (2d. Cir. Sept. 25, 2020) (finding that "[b]ecause Guideline § 1B1.13 is not 'applicable' to compassionate release motions brought by defendants [as compared to those brought by the BOP], Application Note 1(D) cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling."); see also Simon v. United States, No. 07-CR-474, 2020 WL 5764322, at *2-3 (S.D.N.Y. Sept. 28, 2020) (quoting Brooker, 2020 WL 5739712, at *7).

Even if extraordinary and compelling reasons exist, a "court confronted with a compassionate release motion is still required to consider all the Section 3553(a) factors to the extent they are applicable, and may deny such a motion if, in its discretion, compassionate release is not warranted because Section 3553(a) factors override, in any particular case, what would

3

otherwise be extraordinary and compelling circumstances." United States v. Davies, No. 17-CR-57, 2020 WL 2307650, at *2 (E.D.N.Y. May 8, 2020); see also Simon, 2020 WL 5764322, at *3.

## III. DISCUSSION

### A. **Statutory Eligibility Under Section 3582(c)(1)(A)**

As an initial matter, Defendant does not state whether he has exhausted his administrative remedies by making a request to the BOP for compassionate release. 18 U.S.C. § 3582(c)(1)(A)(i). The government also does not raise this issue in its opposition so it is unclear to the Court whether Defendant made a request to the BOP prior to filing this motion.

Additionally, Defendant has not yet begun to serve the sentence imposed by this Court for his violations of supervised release. District courts in this Circuit have taken different positions as to whether a defendant not currently in BOP custody is eligible to bring a motion for compassionate release pursuant to Section 3582(c)(1)(A). See United States v. Johnson, No. 16-CR-457-1, 2021 WL 466782, at *2 (E.D.N.Y. Feb. 9, 2021) ("The Second Circuit has not spoken on this issue, and district court decisions from this circuit offer at least plausible support for both parties' positions."). District courts have denied compassionate release motions where defendants have not yet begun serving their sentence. See United States v. Konny, 463 F. Supp. 3d 402, 404-05 (S.D.N.Y.) (finding that "by its plain terms, the section applies only to those defendants who have begun serving their term of imprisonment at a BOP facility."); see also United States v. Jordan, 472 F. Supp. 3d 59, 62-63 (S.D.N.Y. 2020); United States v. Sprull, No. 18-cr-22, 2020 WL 2113621, at *3 (D. Conn. May 4, 2020). However, district courts have granted compassionate release motions to defendants who have served substantial portions of their sentences but were no longer in BOP custody when they brought the motions. See United States v. Austin, 468 F. Supp. 3d 41, 643-44 (S.D.N.Y. 2020) (finding that that "[n]otably absent from this statute is any express

4

requirement that a defendant be in the custody of the [BOP] at the time he petitions for compassionate release" and that "the only absolute requirement is that a defendant be subject to a federal sentence."); United States v. Thrower, No. 04-CR-903 (ARR), 2020 WL 6128950, at *4-5 (E.D.N.Y. Oct. 19, 2020) (same).  In those cases, courts granted the defendants' compassionate release motions where the defendants had served a substantial portion of their sentence and were then released pursuant to a 28 U.S.C. § 2255 petition.  The orders granting their release were then vacated by the Second Circuit and on remand, while the defendants awaited surrender, the courts granted their subsequent motions for compassionate release.

Because the Court finds that Defendant's motion for compassionate release fails on the merits for the reasons stated below, the Court finds it unnecessary to determine whether a defendant who is awaiting surrender to serve a sentence imposed for violations of supervised release, is eligible for relief under the statute.  See Johnson, 2021 WL 466782, at *3 ("Because the court finds that [defendant's] present circumstances do not warrant a reduction in his sentence, the court finds it unnecessary to determine whether a defendant who has served a portion of his sentence, has been released on bail pending appeal, and seeks the reduction of his sentence prior to his surrender and reincarceration is eligible for relief under the statute.").

B. **Extraordinary and Compelling Reasons for Release**

Defendant bears "the burden of showing that 'extraordinary and compelling reasons' to reduce his sentence exist."  United States v. Gotti, No. 02-CR-743-07, 2020 WL 497987, at *5 (S.D.N.Y. Jan. 15, 2020).  Defendant argues that he is at an increased risk of contracting COVID-19 and developing severe illness should he contract COVID-19 because he suffers from deep venous thrombosis (DVT) and has Factor V Leiden mutation, a blood disorder which makes him prone to blood clots.  (ECF No. 81 at ¶¶ 6-9.)

5

The government argues that because Defendant has the ability to receive the COVID-19 vaccine prior to his incarceration, he has not stated an extraordinary and compelling reason to reduce his sentence. (ECF No. 82.)

Though the Court is sympathetic to Defendant's medical condition, it is by no means certain Defendant will contract COVID-19, particularly in light of: (1) the fact that Defendant will have the opportunity to receive the COVID-19 vaccine prior the service of his sentence, if he hasn't already; (2) the protective measures the BOP has taken to curb spread of the disease; and (3) the Court has not yet even set a surrender date and the risks created by the COVID-19 pandemic may be even further diminished by the time Defendant is set to begin his sentence.

The Court acknowledges that Defendant's medical condition places him at a heightened vulnerability for experiencing complications were he to contract the virus. However, Defendant will be able to receive the COVID-19 vaccine prior to beginning service of his sentence. See United States v. Gonzalez, No. 00-CR-54, 2021 WL 2433817, at *3 (S.D.N.Y. June 15, 2021) (denying compassionate release where defendant has been vaccinated for COVID-19 and stating "[defendant] has failed to articulate a sufficiently extraordinary or compelling reason why his sentence should be modified. The foundation of [defendant's] request is the threat posed by COVID-19 . . . Having now received such protection from the virus, the fundamental and overriding purpose of [defendant's] request for immediate release—i.e., the desire to remove him from an environment where he may be exposed to the disease—is significantly less compelling.") Courts also have denied compassionate release to defendants who suffer from blood clots. See United States v. Minaya, No. 01-CR-619, 2020 WL 5512518, at *1 (S.D.N.Y. Sept. 14, 2020) (denying compassionate release to defendant who suffered from blood clots among other conditions).

C. **Consideration of Section 3553(a) Factors**

The application of the relevant Section 3553(a) sentencing factors does not support compassionate release.[2] Compassionate release would create an unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct. A reduction of the Court's original sentence would also fail to reflect the seriousness of the offense Defendant committed and would not provide a just punishment for his conduct. It would also undermine the Court's attempt to use the sentence to promote respect for the law and serve as a deterrent for criminal conduct. For the reasons set forth in detail on the record at Defendant's sentencing, which the Court incorporates by reference, Defendant's sentence was necessary to achieve these goals. Accordingly, the Section 3553(a) factors weigh against granting Defendant's motion.

---

[2] These factors are:
   (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
   (2) the need for the sentence imposed—
      (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
      (B) to afford adequate deterrence to criminal conduct;
      (C) to protect the public from further crimes of the defendant; and
      (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
   (3) the kinds of sentences available;
   (4) [the kinds of sentences and sentencing range provided for in the USSG]
   (5) any pertinent [Sentencing Commission policy statement]
   (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
   (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion is **DENIED**.

**SO ORDERED.**

Dated: July 6, 2021
     Central Islip, New York

                                              /s/ (JMA)
                                              JOAN M. AZRACK
                                              UNITED STATES DISTRICT JUDGE